# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JANA MOLNAROVA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SWAMP WITCHES INC. LLC, SWAMP WITCHES, INC., and MICHAEL MOORE,<br><br>　　　　Defendants. | Case No. 2:23-CV-2157-ALM-EDP<br><br>Chief Judge Algenon L. Marbley<br><br>Magistrate Judge Elizabeth A. Preston Deavers |

## [PROPOSED] CONSENT AND STIPULATED PROTECTIVE ORDER

This is an action for: (i) copyright infringement under 17 U.S.C. § 501; (ii) federal trade dress infringement under 15 U.S. C. § 1125; (iii) federal unfair competition under 15 U.S. C. § 1125; (iv) deceptive trade practices under Ohio Revised Code § 4165.02; (v) defamation; (vi) tortious interference with a business relationship; and (vii) telecommunications harassment under Ohio Revised Code § 2917.21.

The discovery conducted in this case will likely involve the exchange of sensitive information, such as proprietary product information, business plans, and financial information that the parties do not make publicly available. Good cause supports the protection of such information under the terms of this Order. Accordingly, IT IS HEREBY STIPULATED AND AGREED by the parties:

1. **Definitions**.

a. <u>Confidential Information</u>. The term "Confidential Information" shall mean and include information contained or disclosed in any Documents (as defined below), portions of Documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information

by any party to which it belongs. Confidential Information shall not include information or material that: (a) was, is, or becomes public knowledge in a manner other than by violation of this Protective Order or other fault of the receiving party or violation of law; (b) is acquired by the receiving party from a third party not owning a duty of confidentiality to the producing party; (c) before receipt from the producing party, was lawfully possessed by the receiving party without a duty of confidentiality to the producing party; (d) is disclosed by the producing party to a third party not owing a duty of confidentiality to the producing party, subject to Fed. R. Civ. P. 26(b)(5)(B); (e) is independently developed by the receiving party; (f) was disclosed to the receiving party by the producing party prior to entry of this Protective Order without a duty of confidentiality to the producing party; or (g) is disclosed by the receiving party with the producing party's prior written approval. Confidential Information may include documents and information designated under this Order as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY."

b. <u>Documents</u>. The term "documents" shall have the meaning ascribed to the terms "documents," "electronically stored information," and "tangible things" in Fed. R. Civ. P. 34.

c. <u>Outside Counsel</u>. The term "outside counsel" shall mean outside counsel of record, and other attorneys, law clerks, paralegals, secretaries, and other support staff employed in any office of the law firms identified as counsel of record in this case, provided such individuals do not otherwise hold any formal position (e.g., employee, director, principal) or direct financial interest in a party to this order.

d. <u>Scope</u>. All documents, things, testimony, and other information, or the substance thereof in any form, including documents and things produced by either party, interrogatory answers, responses to requests for admissions, deposition exhibits, and any other discovery materials

produced or subject to discovery, and all copies, excerpts, abstracts, and summaries thereof produced, given, or filed during discovery and other proceedings in this action shall be subject to this Stipulation and Order concerning Confidential Information as set forth below. Nothing herein shall prevent or restrict a party or non-party from using or disclosing its own Confidential Information in any manner.

2. **Form and Timing of Designation**.

a. Confidential Information may be so designated by placing or affixing the term(s), as appropriate hereunder, ⬚CONFIDENTIAL⬚ or ⬚HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS⬚ EYES ONLY⬚ on the document in a manner that will maintain the legibility of the document. Documents may be so designated prior to, or contemporaneously with, the production or disclosure of the documents. Inadvertent or unintentional production of documents without prior designation shall not be deemed a waiver, in whole or in part, of the right to designate documents at a later date. Upon learning of any inadvertent or unintentional failure to designate, the producing party may designate such information. A receiving party who disseminates a document or information not marked ⬚CONFIDENTIAL⬚ or ⬚HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY⬚ originally, but later so marked, shall make reasonable efforts to retrieve the document or information from any recipients after being notified of the inadvertent or unintentional failure to properly mark the document. A receiving party disagreeing with the designation of such materials may challenge the designation as set forth in ¶ 11 below but must comply with these procedures pending the resolution of any such challenge. These procedures shall not waive or eliminate any other protections available under any other governing rules or procedures.

3. **Documents That May Receive a "CONFIDENTIAL" Designation**. Any producing party, whether a party to the litigation or third party, may designate documents as "CONFIDENTIAL" that contain information protected from disclosure by statute, sensitive personal or technical, business information, documents that the producing party in the ordinary course of business does not or would not disclose to third parties except in confidence, or has undertaken with others to maintain in confidence, and/or is under a preexisting obligation to maintain as confidential or private. Information or documents that are available to the public may not be designated as "CONFIDENTIAL."

4. **Documents That May Receive a "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" Designation.** Any producing party or third party may designate as "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" documents that contain highly confidential materials that are of such a sensitive nature and character that disclosure of the information contained therein could be of value to a competitor of the producing party and is information that the producing party in the ordinary course of business does not or would not disclose to a competitor, including, without limitation, information that could cause harm to the competitive position of the producing party. Examples of such documents include, but are not limited to, technical business and research information, trade secrets, sensitive business information, financial information, marketing plans and forecasts, specification and design documents, schematics, research, development, proprietary, or commercial information, information relating to future products, customer lists, pricing data, cost data, customer orders, customer quotations, or any unpublished pending or abandoned patent applications, foreign or domestic. Information or documents that are available to the public may not be maintained as "HIGHLY CONFIDENTIAL-OUTSIDE

4

ATTORNEYS' EYES ONLY." Notwithstanding anything to the contrary herein, and in the interest of expediting an efficient discovery process, any producing party may globally designate any electronic documents that were collected and produced using agreed-upon search terms as "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY," and the receiving party of any such email documents may request that such designations be removed or modified, wherein the terms of ¶ 11 below shall apply.

5. **Depositions.** Portions of depositions shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" only if designated as such when the deposition is taken or within thirty (30) days after receipt of the final transcript, until which time all information disclosed at the deposition and all information contained in deposition transcripts shall be treated as "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY." This time period may be modified by agreement of the parties. Such designation shall be specific as to the portions to be protected; however, the entire transcript may be designated when the deposition is taken, and the non-designating party may request that such designations be removed or modified, wherein the terms of ¶ 11 below shall apply.

6. **Protection of "CONFIDENTIAL" Material**.

   a. <u>General Protections</u>. Documents designated "CONFIDENTIAL" under this Order shall not be used or disclosed by the parties or counsel for the parties or any other persons identified in ¶ 6(b) below for any purposes whatsoever other than preparing for and conducting the litigation in which the documents were disclosed (including any appeal of that litigation). In the event that a party inadvertently or unintentionally disseminates "CONFIDENTIAL" information to someone not entitled to receive the document or information, it shall

5

immediately notify the producing party and shall use its best efforts to retrieve the documents or information, and secure the agreement of the recipient not to disclose the "CONFIDENTIAL" information.

b. <u>Limited Disclosure of "CONFIDENTIAL" Materials</u>. The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated "CONFIDENTIAL" under the terms of this Order to any other person or entity except as set forth in subparagraphs (1)-(9) below. Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated "CONFIDENTIAL" pursuant to this Order: (1) in-house counsel and a party to this order, but only to the extent counsel of record shall determine that the specific individual's assistance is necessary to the conduct of the litigation in which the information is disclosed and then only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Attachment A hereto) that he or she has read and understands the terms of this Order and is bound by it; (2) outside counsel of record and employees of outside counsel of record involved in the preparation and trial of this action; (3) independent contractor lawyers and staff members hired by outside counsel to assist in this action and then only after independent contractor lawyer and/or staff member to whom disclosure is to be made acknowledges and agrees to be bound by at the terms of Attachment A hereto; (4) court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents; (5) consultants, investigators, or experts engaged by the parties or counsel for the parties to assist in the preparation and trial of this action (hereinafter referred to collectively as "Experts"), but only subject to the provisions of ¶ 6(c) below; (6) professional translators engaged by counsel or the Court to translate confidential documents and then only after the

6

    person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Attachment A hereto) that he or she has read and understands the terms of this Order and is bound by it; (7) outside photocopying, coding, digitizing, data processing, graphic production services, or other vendors that the parties or their counsel utilize to assist in this action and then only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Attachment A hereto); (8) any person who is indicated on the face of a document to have been an author, addressee, or copy recipient of the document, or the original source of the information; and (9) other persons only upon consent of the producing party or upon order of the Court and on such conditions as are agreed to or ordered and then only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Attachment A hereto) that he or she has read and understands the terms of this Order and is bound by it.

  c. <u>Experts</u>. Confidential Information shall be disclosed to Experts only upon the following terms: Prior to any disclosure, the Expert shall be identified in writing by email to the other parties' counsel by name, address, and corporate, business, or other professional affiliation or employment, together with a copy of the Expert's curriculum vitae, a list of the Expert's litigation or consulting engagements for the past three years, and an executed acknowledgement (in the form of Exhibit A attached hereto) that the Expert has read and understands the terms of this Order and agrees to be bound by it. Unless another party notifies the proposing party of any objection within five business days after notification in writing by email, the Expert shall thereafter be allowed to have access to Confidential Information pursuant to the terms and conditions of this Protective Order. In the event of a timely objection, which shall be made in good faith and on reasonable grounds, the proposing party

7

shall refrain from disclosure of Confidential Information to the Expert until the objection has been resolved between the parties or ruled upon by the Court. The parties shall endeavor in good faith to resolve the dispute without calling upon the intervention of the Court. The burden is on the objecting party to seek the intervention of the Court by appropriate motion to preclude the proposing party from disclosing protected material to the Expert. If no such motion is filed within ten (10) business days of receipt of the objection, the proposing party may disclose Confidential Information to the Expert as if no objection has been raised. No party shall use its right to object to a proposed Expert to unreasonably interfere with the ability of another party to prepare for trial through the use of Experts.

d. <u>Control of Documents</u>. Counsel for the parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated as "CONFIDENTIAL" pursuant to the terms of this order.

e. <u>Copies</u>. All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies"), of documents designated as "CONFIDENTIAL" under this Order or any portion of such a document, shall be immediately affixed with the designation "CONFIDENTIAL" if the words do not already appear on the copy. All such copies shall be afforded the full protection of this Order.

f. <u>Exhibit A</u>. All executed acknowledgements (in the form of Exhibit A attached hereto) shall be maintained by the counsel for the party that had them executed, and copies thereof shall be produced to the other party within five (5) business days of any written request (including a request by email).

7. **Protection of "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" Material**.

a. <u>General Protections</u>. Documents designated "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" under this Order shall not be disclosed by receiving counsel, except as set forth in ¶ 7(b) below. Documents identified as "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" shall not be used for any purposes whatsoever other than preparing for and conducting the litigation in which the documents were disclosed (including any appeal of that litigation). In the event that a party inadvertently or unintentionally disseminates "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" information to someone not entitled to receive the document or information, it shall immediately notify the producing party and shall use its best efforts to retrieve the documents or information, and secure the agreement of the recipient not to disclose the "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" information.

b. <u>Limited Disclosure of "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" Materials</u>. Documents designated as "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" under the terms of this Order may not be disclosed by receiving counsel to any party or entity except as set forth in subparagraphs (1)-(7) below, and then only after the person to whom disclosure is to be made has read and understood the terms of this Order and is bound by it. Under no circumstances may any of the individuals set forth in subparagraphs (1)-(7) below disclose "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" designated documents to any other individuals not listed. Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" pursuant to this Order: (1) outside counsel and employees of outside counsel involved in the preparation and trial of this action; (2) independent contractor

9

    lawyers and staff members hired by outside counsel to assist in this action and then only after independent contractor lawyer and/or staff member to whom disclosure is to be made acknowledges and agrees to be bound by at the terms of Exhibit A attached hereto; (3) court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents; (4) Experts bound by this Order according to the procedures described in ¶ 6(c) above; (5) professional translators engaged by counsel or the Court to translate confidential documents and then only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Exhibit A attached hereto) that he or she has read and understands the terms of this Order and is bound by it; (6) outside photocopying, coding, digitizing, data processing, graphic production services, or other vendors that the parties or their counsel utilize to assist in this action and then only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Exhibit A attached hereto); (7) any person who is indicated on the face of a document to have been an author, addressee, or copy recipient of the document, or the original source of the information; and (8) other persons only upon consent of the producing party or upon order of the Court and on such conditions as are agreed to or ordered and then only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth in Exhibit A attached hereto) that he or she has read and understands the terms of this Order and is bound by it.

c. <u>Control of Documents</u>. Counsel for the parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated as "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" pursuant to the terms of this Order.

d. <u>Copies</u>. All copies of documents designated as "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" under this Order or any portion of such a document, shall be immediately affixed with the designation "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" if the words do not already appear on the copy. All such copies shall be afforded the full protection of this Order.

e. <u>Exhibit A</u>. All executed acknowledgements (in the form of Exhibit A attached hereto) shall be maintained by the counsel for the party that had them executed, and copies thereof shall be produced to the other party within five business days of any written request (including a request by email).

8. **Filing of "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" Materials**. Any documents (including briefs), tangible things, or information designated as Confidential that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by compliance with the Court's Procedures for Electronic Filing Under Seal in Civil Cases. However, unless impractical due to exceptional circumstances, the parties shall confer prior to the filing of any Confidential Information to determine if any less restrictive measure than filing under seal may provide adequate protection.

9. **Trial or Hearing Use**. A party who seeks to introduce Confidential Information at a hearing or during trial shall advise the Court at the time of introduction that the information, documents, or tangible things sought to be introduced are protected. The Court will review the information, documents, or tangible things in camera, and make an oral ruling. If the Court so rules, the Clerk will file and keep any such documents or tangible things under seal.

11

10. **Use for Legal Advice**. Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to his/her client with respect to this litigation and referring to or relying generally upon his/her examination of Confidential Information, provided that in rendering such advice and in otherwise communicating with his/her clients, the attorney shall not disclose the content of the information.

11. **Greater Protection of Specific Documents**. No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party obtains an Order from the Court providing such special protection, provided that any party may seek greater protection of any document or information prior to producing it or making it available for inspection.

12. **Challenges to Designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY."** Any of the designations permitted herein are subject to challenge. The following procedures shall apply to any such challenge.

    a. The burden of proving the necessity of a confidentiality designation remains with the party asserting the protection, except that a party claiming that information designated by the other as Confidential Information is in the public domain shall have the burden of proving such public knowledge.

    b. A party who contends that designated documents are not entitled to protection under this Order shall give written notice to the designating party specifically identifying the Bates number, deposition page and line, or other appropriate specific identifier of the information regarding which the confidentiality status is challenged and the specific basis for the challenge. The producing party shall have five (5) business days from service of the written notice to determine if the dispute can be resolved without judicial intervention, by removing

or modifying a designation or by responding that it has reviewed the matter and continues to maintain the designation in good faith. If the parties are unable in good faith to resolve any such dispute without calling on the intervention of the Court, the challenging party may bring the issue to the Court.

c. Notwithstanding any challenge to the designation of documents, all material previously designated shall continue to be treated as subject to the full protections of this Order until the resolution of the dispute by the parties or ruling by the Court.

d. Challenges to the designation of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

e. As provided above, the parties have agreed that documents may be globally marked as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" for any initial production of documents, and the parties may confer in good faith and utilize this procedure for the removal of any challenged designations as needed.

13. **Production of Exempt Documents**. Pursuant to Rule 502(d) of the Federal Rules of Evidence, the attorney-client privilege and/or work product protection will not be not waived by any disclosure connected with the litigation pending before the Court. Additionally, such disclosure will not constitute a waiver in any other Federal or State proceeding. If information is produced in discovery that is subject to a claim of privilege or of protection as work product material ("privilege"), and regardless of whether the information has been designated pursuant to this Order, the party making the claim may notify any receiving party regarding the claim and provide the basis for such a claim. After being notified by a party claiming privilege that information produced by that party is subject to a claim of privilege, a receiving party: (1) must promptly return or destroy the specified information and any copies it has; (2) must not

13

use or disclose the information (or any notes, memorandum, or analyses to the extent they encompass or are based upon such information) until the claim is resolved (and thereafter if the claim of privilege is upheld, any such materials must be destroyed to the extent they include or are based upon such information); and (3) must take reasonable steps to retrieve the information if the party disclosed it before being notified.

These obligations include a restriction against presenting the information to the Court for a determination of the claim. If applicable, the party making the claim must serve a privilege log that complies with Federal Rule of Civil Procedure 26(b)(5) within ten (10) days of notifying any receiving party of the claim. The party making the claim must also preserve the information until the claim is resolved. The matter shall be resolved based on the information set forth in the privilege log and in accordance with the standards, laws, and rules pertaining to the privilege(s) claimed if presented to the Court for resolution by the receiving party. If the receiving party does not move for an order directing production of the information no later than ten (10) business days after receiving the producing party's written notification of the inadvertent or unintentional production, the information will be conclusively determined to be exempt from production, unless the parties extend this time period by agreement.

14. **Treatment on Conclusion of Litigation**.

   a. <u>Order Remains in Effect</u>. All provisions of this Order restricting the use of documents designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

   b. <u>Return of Protected Documents</u>. Within thirty (30) days after the conclusion of the litigation, including conclusion of any appeal, all documents designated as "CONFIDENTIAL" or

14

"HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" under this Order, including copies as defined herein, shall at the receiving party's election, be returned to the producing party or destroyed. The receiving party shall verify the return or destruction in writing to the producing party, upon the producing party's request. Notwithstanding the foregoing, outside counsel of record may retain a complete set of pleadings and court papers, depositions and trial transcripts, deposition and trial exhibits, affidavits and declarations, and work product after final conclusion of this litigation, but Confidential Information contained therein shall not be disseminated and shall remain subject to the terms of this Protective Order. Further, the parties shall not be required to return or destroy Confidential Information maintained in computer back-up systems or other storage media that are not readily accessible or normally accessed (e.g., electronic disaster recovery systems that are overwritten in the normal course of business), but such material shall remain subject to this Order in all respects.

15. **Subpoena for Confidential Information**.

    a. If Confidential Information in the possession of any receiving party is subpoenaed by any court, by any administrative or legislative body, or by any other person purporting to have authority to subpoena such information, or is the subject of any discovery request under Rules 30-36 of the Federal Rules of Civil Procedure or any comparable rule of court or of any adjudicative body (such subpoena or discovery request collectively referred to as a "Third Party Request"), the party to whom the Third Party Request is directed will not produce such information without first giving prompt written notice (including a copy of the Third Party Request) to the attorneys of record for the producing party before any production of Confidential Information is made. The party receiving the Third Party Request must also promptly inform in writing the party who caused the Third Party Request to issue in the other litigation that some or all of the material covered by the Third Party Request is subject to this Protective Order. The party receiving the Third Party Request must deliver a copy of this Protective Order promptly to the party in the other action that caused the Third Party Request to issue.

    b. The producing party shall bear the burden and expense of seeking protection in court of its own Confidential Information, and nothing in this Protective Order should be construed as authorizing or encouraging a party receiving a Third Party Request to disobey a lawful directive from another court. Disclosure of information in response to a properly issued Third Party Request shall not constitute a violation of this Protective Order.

16. **Order Subject to Modification**. This Order supersedes any previous orders or agreements of the parties that conflict with the terms herein. This Order shall be subject to modification on motion of any party or any other person who may show an adequate interest in the matter

to intervene for purposes of addressing the scope and terms of this Order. The Order shall not, however, be modified until the parties shall have been given notice and an opportunity to be heard on the proposed modification. Any deadlines herein may be extended by the parties by agreement.

17. **No Judicial Determination**. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS EYES ONLY by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

18. **Persons Bound**. This Order shall take effect when entered and shall be binding upon all counsel in this action and their respective law firms and clients.

**IT IS SO STIPULATED.**

| By: /Jeanette M. Braun/ | By: /Govinda M. Davis/ |
|---|---|
| Jeanette M. Braun<br>Braun IP Law, LLC<br>1600 W. Lake Street, Suite 103B<br>Addison, IL 60101<br>312-373-0330<br>kmmasis@brauniplaw.com<br><br>*Attorney for Defendants Swamp Witches Inc. LLC, Swamp Witches, Inc., and Michael Moore* | Govinda M. Davis<br>Dinsmore & Shohl LLP<br>255 East Fifth Street, Suite 1900<br>Cincinnati, OH 45202<br>513-977-8200<br>govinda.davis@dinsmore.com<br><br>*Attorneys for Plaintiff Jana Molnarova* |

17

**IT IS SO ORDERED**, this \_\_ day of _____ 2023.

_____
Algenon L. Marbley
United State District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JANA MOLNAROVA,<br><br>Plaintiff,<br><br>v.<br><br>SWAMP WITCHES INC. LLC, SWAMP WITCHES, INC., and MICHAEL MOORE,<br><br>Defendants. | Case No. 2:23-CV-2157-ALM-EDP<br><br>Chief Judge Algenon L. Marbley<br><br>Magistrate Judge Elizabeth A. Preston Deavers |

**EXHIBIT A**

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order dated _____, in the above captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the jurisdiction of the United States District Court for the Western District of Michigan in matters relating to the Stipulated Protective Order and understands that the terms of said Stipulated Protective Order obligate him/her to treat all discovery materials designated "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" strictly in accordance with the terms and conditions of the Order, use such information solely for the purposes of the above-captioned action, and not to disclose any such information to any other person, firm, or concern. The undersigned acknowledges that violation of the Stipulated Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____

Signature: _____