IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JANA MOLNAROVA, | ) Case No. 2:23-cv-02157-ALM-EPD |
| Plaintiff, | ) Judge Algenon L. Marbley |
| | ) Magistrate Judge Elizabeth Preston Deavers |
| v. | ) |
| SWAMP WITCHES INC. LLC; SWAMP WITCHES INC.; and MICHAEL MOORE, | ) **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS** |
| Defendants. | ) |

\* \* \*

## I. INTRODUCTION

It is axiomatic that U.S. copyright law does not protect "useful articles" but only the expression of an idea. Yet Plaintiff's Complaint attempts to allege copyright infringement for copying a functional machine. In an effort to skirt U.S. law's prohibition on copyrighting useful articles, Plaintiff asserts that her machine is copyrightable under Slovak law. But this position is supported by nothing more than a bare legal conclusion, which is insufficient to push Plaintiff's claim over the plausibility threshold. Indeed, Plaintiff's response brief acknowledges that Slovak copyright law is similar to U.S. law, so there is no basis to conclude that Plaintiff would have any rights at all under Slovak law. For this reason, her copyright infringement claim must be dismissed.

Similarly, Plaintiff has failed to plausibly allege that her machine has non-functional elements that create protectable trade dress. In fact, the Complaint's allegations point in precisely the opposite direction: all of the elements of Plaintiff's Tumblerone product are functional.

#30052214v1

Because her copyright and trade dress claims fail, her remaining claims—all of which depend on the existence of underlying intellectual property rights—must be dismissed as well.

## II. ARGUMENT

### A. Plaintiff's copyright claim must be dismissed, because the Tumblerone product is clearly a useful article, and Plaintiff fails to plausibly allege any other basis for copyright protection under U.S. or Slovak law.

"In contrast to patent law's protection of use, [U.S.] copyright protection does not 'extend to any idea, procedure, process, [or] system ..., regardless of the form in which it is described, explained, illustrated or embodied in such a work.'" *RJ Control Consultants, Inc. v. Multiject, LLC*, 981 F.3d 446, 455 (6th Cir. 2020) (quoting U.S. Copyright Act, 17 U.S.C. § 102(b)).  The Supreme Court has explained that:

> a feature incorporated into the design of a useful article is eligible for copyright protection only if the feature (1) can be perceived as a two- or three-dimensional work of art separate from the useful article and (2) would qualify as a protectable pictorial, graphic, or sculptural work—either on its own or fixed in some other tangible medium of expression—if it were imagined separately from the useful article into which it is incorporated.

*Star Athletica, L.L.C. v. Varsity Brands, Inc.*, 580 U.S. 405, 409 (2017).  Here, the Complaint itself shows that the elements of the alleged Tumblerone design are all functional.  Plaintiff alleges that "[t]he Tumblerone is a products that permits a user to decorate, or 'bling,' a tumbler or cup without physically touching the tumbler or cup after it is prepared by the user." (Compl., ¶ 25.)  Plaintiff further alleges that "[t]he Tumblerone consists of three detachable components including (1) a titled base, (2) a spinning platform, and (3) a tumbler holder." (Compl. ¶ 26.)  These allegations plainly show that the product—as well as its individual components—are useful articles.  The Complaint does not allege—and does not even hint—that the Tumblerone has any feature that could be perceived as a "work of art separate from the useful article" and "would qualify as a protectable pictorial, graphic, or sculptural work…if it were imagined separately from the useful

article into which it is incorporated." *See Star Athletica*, 580 U.S. at 409. Accordingly, it is obvious that the Tumblerone would not have any protection under U.S. copyright law.

Recognizing this reality, Plaintiff attempts to sneak in the back door using the Berne Convention, claiming that she "is the owner of a [Slovak] copyright in the Tumblerone, because she created the Tumblerone in Slovakia, is a Slovak national, and first published the Tumblerone from Slovakia." (Compl., ¶ 29.) The preceding sentence, however, contains the sum total of her allegations about her supposed Slovak copyright. It is the epitome of a "bare legal conclusion" and is therefore insufficient to meet the *Twombly/Iqbal* pleading standard under Civil Rules 8(a) and 12(b)(6).[1]

Neither Plaintiff's Complaint nor her opposition brief provide any basis to believe that Slovak copyright law protects useful articles. To the contrary, Plaintiff states in her brief that "[a] Slovak Copyright, much like a U.S. copyright, exists automatically once an 'original work of authorship' is fixed in a tangible medium"—suggesting that Slovak and U.S. copyright law are in accord. (Doc # 17 at 13.) And in fact, Section 5 of the Slovak Copyright Act (like the U.S. counterpart) specifically states that useful articles are not subject to copyright protection: "The following concepts are not subject to copyright: (a) idea, manner, system, method, concept, principle, discovery or information that has been expressed, described, explained, depicted or incorporated into a work[.]"[2] This language is very similar to 17 U.S.C. § 102(b), which makes clear that U.S. Copyright protection does "extend to any idea, procedure, process, [or] system ..., regardless of the form in which it is described, explained, illustrated or embodied in such a work."

---

[2] An English-language version of the Slovak Copyright Act can be accessed through the World Intellectual Property Organization website: https://wipolex-res.wipo.int/edocs/lexdocs/laws/en/sk/sk096en.pdf (last accessed November 19, 2023.)

In sum, based on the Complaint as pled, the Tumblerone is plainly a useful article. Plaintiff has failed to allege any facts suggesting that the Tumblerone is in fact entitled to copyright protection under either Slovak law or U.S. law. Accordingly, her copyright infringement claim should be dismissed.

> **B. Plaintiff's trade dress claims (Counts II and III) must be dismissed, because she has not plausibly alleged any non-functional elements deserving of trade dress protection.**

Plaintiff's trade dress allegations suffer from similar deficiencies. To state a claim for trade dress infringement, a plaintiff must allege (1) that the trade dress is distinctive in the marketplace indicating the source of the good it dresses, (2) that it is non-functional, and (3) that the trade dress of the competing good is confusingly similar. *Abercrombie & Fitch Stores, Inc. v. American Eagle Outfitters, Inc.*, 280 F.3d 619, 629 (6th Cir. 2002). "Trade dress refers to the image and overall appearance of a product. It embodies that arrangement of identifying characteristics or decorations connected with a product, whether by packaging or otherwise, that makes the source of the product distinguishable from another and … promotes its sale." *Id.* (internal quotes omitted).

With respect to the second element, "a plaintiff 'must plead that the trade dress is non-functional' and the 'failure to plead non-functionality with factual particularity establishes merely the possibility and not he plausibility of relief and is therefore fatal to Plaintiff's trade dress claim.'" *Bliss Collection, LLC v. Latham Companies, LLC*, No. 5:20-CV-217-CHB, 2021 WL 5413796, *8 (E.D. Ky March 16, 2021) (quoting *Mike Vaughn Custom Sports, Inc. v. Piku*, 15 F. Supp. 3d 735, 746 (E.D. Mich. 2014)); *see also* 1 McCarthy on Trademarks and Unfair Competition § 7:72 (5th ed.) ("Plaintiff's mere conclusory assertion that a product design is not functional is not sufficient to withstand a Rule 12(b)(6) motion to dismiss.") Courts do not hesitate to dismiss trade dress claims under Rule 12(b)(6) when there are insufficient factual allegations as

4

to non-functionality. *See, e.g.*, *Bliss Collection*, 2021 WL 5413796 at *8 (dismissing trade dress claim when, though the complaint included images of the product, the court could not "distill" what was allegedly protected or identify what was non-functional); *Mike Vaughn Custom Sports*, 15 F. Supp. 3d at 746 (dismissing trade dress claim based on conclusory statements, unsupported by factual allegations, that trade dress elements were non-functional); *Eliya, Inc. v. Steven Madden, Ltd.*, 749 F. App'x 43, 47 (2d Cir. 2018) (affirming dismissal of trade dress claim for shoes when the plaintiff alleged "no specific facts that plausibly support non-functionality.");

The entirety of the Complaint's description of Plaintiff's alleged trade dress is a single sentence: "Ms. Molnarova is the owner of the distinctive trade dress that adorns the Tumblerone, consisting, *inter alia*, of the distinctive tumbler holder portion of the Tumblerone, which consists of four aesthetically pleasing and curved fins that secure the inside of a tumbler to the Tumblerone[.]" (Compl. ¶ 32.) Far from alleging that that the trade dress is non-functional, it actually alleges the opposite: that the curved fins serve the function of "secur[ing] the inside of a tumbler to the Tumblerone." As a matter law, these allegations are insufficient to plausibly allege that the trade dress elements are non-functional. *See Mike Vaughn Custom Sports*, 15 F. Supp. 3d at 747 (granting motion to dismiss when the complaint described the "functional purposes" of the product design).

Accordingly, Counts II and III of the Complaint should be dismissed.

**C. Plaintiff's remaining claims must be dismissed.**

Counts IV through VII of the Complaint all arise out of alleged internet communications by Defendants, and all depend to some degree on the premise that Plaintiff enjoys intellectual property rights—copyright or trade dress—in the Tumblerone. Because Plaintiff has failed to

plausibly allege copyright or trade dress rights in the Tumblerone, these additional claims must be dismissed as well.

### D. There are no grounds to allow Plaintiff to amend the complaint.

At the end of her opposition brief, Plaintiff includes a cursory request for leave to amend the complaint, without identifying the subject of the amendment or providing any proposed amended complaint. This request should be rejected. "The Sixth Circuit routinely rejects such a cursory, contingent statement, finding this does not constitute a proper motion for leave to amend." *Sunjoy Indus. Grp., Ltd. v. Permasteel, Inc.*, No. 2:22-CV-1896, 2023 WL 406211, at *10 (S.D. Ohio Jan. 25, 2023); *see also La. Sch. Empls.' Ret. Sys. V. Ernst & Young, LLP*, 622 F.3d 471, 486 (6th Cir. 2010) ("A request for leave to amend almost as an aside, to the district court in a memorandum in opposition to the defendant's motion to dismiss is…not a motion to amend.") (internal quote omitted).

## CONCLUSION

For the foregoing reasons, and those stated in their initial brief, Defendants respectfully request that the Court dismiss Plaintiff's Complaint in its entirety, with prejudice.

Respectfully submitted,

*/s/ Matthew T. Kemp*
Matthew T. Kemp (0093136)
SHUMAKER, LOOP & KENDRICK, LLP
1000 Jackson Street
Toledo, Ohio 43604
Telephone:   419-241-9000
Fax:         419-241-6894
E-Mail:      mkemp@shumaker.com

                                        Jeanette M. Braun (IL-6332483)
                                        (Pro Hac Vice Admission)
                                        Braun IP Law, LLC
                                        1600 W Lake Street, Suite 103B
                                        Addison, IL 60101
                                        312-373-0330 | telephone
                                        docket@brauniplaw.com

                                        Trial Counsel for Defendants

## **CERTIFICATE OF SERVICE**

This is to certify that on November 20, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                        */s/ Matthew T. Kemp*
                                        Matthew T. Kemp (0093136)
                                        SHUMAKER, LOOP & KENDRICK, LLP

                                        Trial Counsel for Defendants